## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 29 2017, 9:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Franklin Allen, *Appellant-Defendant,* | November 29, 2017 |
| | Court of Appeals Case No. 34A02-1706-CR-1289 |
| v. | Appeal from the Howard Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable William C. Menges, Jr., Judge |
| | Trial Court Cause No. 34D01-1105-FA-417 |

**Robb, Judge.**

# Case Summary and Issue

[1] In 2012, Franklin Allen was sentenced to twenty years in the Indiana Department of Correction ("DOC") for possession of cocaine, a Class B felony. His sentence was suspended and he was released to probation in 2014. The State thereafter filed a petition to revoke Allen's probation alleging Allen failed to submit to required urine screens on several occasions and tested positive for the presence of alcohol or controlled substances on several other occasions. Following a hearing, the trial court revoked Allen's probation and ordered him to serve the balance of his previously suspended sentence. Allen appeals, raising one issue for our review, which we restate as whether the trial court abused its discretion in determining the sanction for his violation. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

[2] In 2011, the State charged Allen with one count of Class A felony dealing in cocaine, two counts of Class B felony dealing in cocaine, and one count of Class D felony intimidation. In 2012, Allen pleaded guilty to possession of cocaine as a Class B felony pursuant to a Drug Court Participation Agreement that provided judgment and sentencing would be deferred while Allen participated in a drug court program. If Allen successfully completed the program, the case would be dismissed. If he failed to complete the program, the trial court would enter judgment of conviction and Allen would be sentenced at the trial court's discretion. Allen violated the agreement twice

within the first month and the drug court filed a notice of intent to terminate him from the drug court program. Following a hearing, the trial court terminated Allen's participation in drug court and sentenced him to twenty years of incarceration at the DOC. However, the court indicated its willingness to modify Allen's sentence if he successfully completed a therapeutic community program at the DOC. After Allen successfully completed a DOC purposeful incarceration program in 2013, the trial court suspended his sentence and released him to supervised probation. Allen then successfully completed a local re-entry program in 2015, and the trial court further modified his sentence to require only three years of his suspended sentence be served on supervised probation.

[3] The terms of Allen's probation provided that he was not to consume or possess any controlled substance except those prescribed by a physician and that he was to submit to alcohol and drug testing as requested. On June 6, 2016, the State filed a petition to revoke Allen's probation, alleging a series of failed (five times) and missed (four times) drug screens since January 16, 2016. A warrant was issued for Allen's arrest. On June 23, 2016, the parties agreed that Allen would be released from custody on the condition he immediately report to and successfully complete an inpatient treatment program. Allen was taken into custody at some point after that date and released again on August 5, 2016, with the condition he immediately report to and successfully complete a VA inpatient treatment program. A second petition to revoke was filed on April 12, 2017, alleging an additional failed drug screen.

[4] Following a fact-finding hearing on May 18, 2017, the trial court revoked Allen's probation and ordered that he execute the balance of his sentence. Allen now appeals.

# Discussion and Decision

## I.  Standard of Review

[5] Probation revocation is a two-step process:  first, the court must make a factual determination that a violation of a condition of probation occurred; then, if a violation is proven, the court must determine if the violation warrants revocation of probation.  *Johnson v. State*, 62 N.E.3d 1224, 1229 (Ind. Ct. App. 2016).  The State need only prove the alleged violations by a preponderance of the evidence.  Ind. Code § 35-38-2-3(f).  Once the trial court has determined that probation should be revoked, imposing a sanction for the probation violation lies within the sound discretion of the trial court, and we will reverse only for an abuse of that discretion.  *Hickman v. State*, 81 N.E.3d 1083, 1085 (Ind. Ct. App. 2017).  A trial court abuses its discretion by ruling in a manner that is clearly against the logic and effect of the facts and circumstances before it, or by misinterpreting the law.  *Id.*  If the court finds that a person has violated even a single condition of probation, the court may impose one or more sanctions, including ordering execution of all or part of a suspended sentence.  Ind. Code § 35-38-2-3(h).

## II. Sanction

[6] At Allen's probation revocation hearing, Megan Enright, Allen's probation officer, testified. The allegations of the notice of probation violation were that Allen had missed or failed several drug tests. Enright testified that she had received the results of several drug tests showing Allen had used cocaine and/or alcohol. On cross-examination, Enright was asked if Allen had performed reasonably well for almost a year in probation until the urine screen issue at the beginning of 2016. Enright disagreed, noting Allen completed the re-entry program sometime between April and July 2015 and had a positive drug screen at the end of August. Allen was also instructed to call about an intensive outpatient program ("IOP") in August 2015:

> Q: Did he do the IOP assessment?
> A: Yes.
> Q: Did he go through IOP treatment?
> A: I do not think he completed that. March 24th, 2016 we
> agreed that IOP was not working for him and that he needed to
> go to the VA for in-patient substance abuse treatment.

*Id.* at 9-10. Ultimately, Enright did not believe that continued probation would be appropriate because of Allen's habitual relapses even after completing a given course of treatment. Allen also testified and when asked if he completed the IOP program Enright referenced, stated that he did. He acknowledged his relapses, including a relapse in 2016 when he was using cocaine. The trial court found the State had established by a preponderance of the evidence that Allen had violated the terms of his probation and heard evidence regarding an

appropriate sanction. Allen again testified, revealing several health issues, acknowledging he was a longtime drug user, and stating that although he "keep[s] trying to overcome this . . . I just keep falling short . . . ." Transcript at 15. Allen's counsel conceded some length of punishment was in order but argued that the full fourteen years remaining on his sentence was not appropriate, asking instead for three years executed. The trial court stated the court had "done literally everything that's available to give Mr. Allen the structure and support to meet his various and sundry . . . needs and nothing we've tried has been successful." *Id.* at 16. Accordingly, the court agreed with Enright that probation was no longer a viable option and sentenced Allen to serve the remainder of his sentence in DOC.

[7] Allen does not contest the revocation of his probation, acknowledging he had consumed illegal substances in violation of the rules of his probation. *See* Brief of Appellant at 9. Instead, Allen argues that he should not have been ordered to serve the entirety of his original sentence in the DOC for two reasons: 1) Enright "lied" when she testified he had not completed the IOP program, Br. of Appellant at 9, and 2) after Allen completed the re-entry program, the trial court modified his sentence to require that only three years of his suspended sentence be served on supervised probation; therefore, his executed sentence should be no longer than those three years.

[8] As for Enright's testimony, she did not testify that Allen did *not* complete the IOP program; she testified that she did not "think" Allen completed the program. Tr. at 9. Even if Enright was mistaken, her statement is not a "lie,"

as Allen tries to color it. Further, even if the trial court had been unequivocally informed that Allen had completed the program, we cannot agree with Allen's assertion that the trial court "would have exercised its discretion . . . to sentence him to a lesser sentence[.]" Br. of Appellant at 9. Allen was allegedly involved in the IOP in March of 2016, and yet he also started testing positive for drugs and alcohol in March of 2016 and tested positive several times thereafter. Finally, Allen's completion of an IOP program was not at issue in the probation revocation proceeding, as the only allegations concerned missed or failed drug screens. Given all of Allen's violations during and after any such program, we cannot say the trial court would have or should have imposed a lesser sanction.

[9] As for Allen's argument that because he only had three years of supervised probation, he should only be ordered to serve three years executed for violation of his probation, he offers no authority supporting such a proposition. Allen was given a twenty-year executed sentence, after first being given the opportunity to avoid a criminal conviction and sentence altogether. The trial court suspended Allen's sentence after less than two years of incarceration to supervised probation, then modified his sentence to require that he "serve three (3) years of the suspended sentence" on supervised probation. Appendix of Appellant, Volume 3 at 26. To the extent Allen argues he believed his sentence as a whole had been modified to three years, the record does not support this assertion. Allen was always subject to a twenty-year sentence and the trial court had the discretion to order him to serve any or all of the remainder of that

twenty-year sentence upon finding a violation and revoking his probation. Ind. Code § 35-38-2-3(h)(3).

[10] Finally, in general, we note the sanction imposed by the trial court was not an abuse of discretion. In the five years this case was before the trial court, Allen had failed to successfully complete a drug court program. He began using drugs again almost immediately after successfully completing purposeful incarceration and a re-entry program in July 2015 as evidenced by Enright's testimony that he failed a drug screen on August 27, 2015. He was ordered to complete two different inpatient treatment programs and was unable to successfully complete either program. In sum, Allen was offered many opportunities to avoid re-incarceration and failed to avail himself of any of them. The trial court's order that Allen serve the entirety of his previously suspended sentence was not against the logic and effect of the facts and circumstances presented here.

# Conclusion

[11] The sanction imposed by the trial court upon finding that Allen had violated his probation was not an abuse of discretion. The judgment of the trial court is affirmed.

[12] Affirmed.

Riley, J., and Pyle J., concur.